COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bumgardner and Lemons


LISA ALLEN, F/K/A
 LISA ALLEN PARLETT SHAW

                                         MEMORANDUM OPINION[*]
v.   Record No. 1209-98-3                     PER CURIAM
                                         DECEMBER 15, 1998
LYNCHBURG DIVISION OF
 SOCIAL SERVICES


        FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Richard S. Miller, Judge

        (James J. Angel, on brief), for appellant.
        Appellant submitting on brief.

        (Joyce M. Coleman, Senior Assistant City
        Attorney, on brief), for appellee.  Appellee
        submitting on brief.


        Lisa Allen Shaw (mother) appeals the decision of the circuit

court terminating her parental rights to her minor child.  The

trial court found that the Lynchburg Division of Social Services

(DSS) presented clear and convincing evidence satisfying the

statutory requirements of Code § 16.1-283 and proving that

termination of mother's parental rights was in the child's best

interests.  Mother contends that the trial court erred by finding

that DSS presented sufficient evidence to terminate her parental

rights.  We affirm the decision of the circuit court.

_____

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.


- 1 -

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

> "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." The trial court's judgment, "when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it."

Id. (citations omitted). "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family." Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted).

Code § 16.1-283(B) provides that the residual parental rights of a parent of a child found by the court to be neglected or abused may be terminated if the court finds that it is in the child's best interests, that the neglect or abuse presents a serious and substantial threat to the child's life, health or development, and that it is not reasonably likely that the conditions resulting in the neglect or abuse can be substantially corrected or eliminated to allow the child's safe return within a reasonable period of time. See Code § 16.1-283(B)(1) and (2).

Proof that the parent, without good cause, failed to respond to or follow through with "appropriate, available and reasonable rehabilitative efforts on the part of social . . . or other rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse" is prima facie evidence that the underlying conditions cannot be substantially corrected or eliminated. Code § 16.1-283(B)(2)(c).

The record on appeal includes the written statement of facts and the circuit court file. The trial court found that the child was abused and neglected. Pursuant to an emergency removal order, the child was placed in foster care in 1991 when he was two years old. The child was adjudicated a neglected child because he was found wandering along a busy street while mother, under the influence of drugs and alcohol, was unaware that he was missing. The child also was found to be physically and mentally abused, as he was bruised and beaten by his stepfather with a belt, and exposed to domestic violence between mother and the stepfather.

DSS offered numerous services to mother, including substance abuse counseling, parenting classes, and transportation assistance. Mother participated in some services offered through DSS. While mother tested negative on drug tests for a period of thirteen months ending in April 1995, she subsequently refused drug screening. There also was evidence of tampering with two other drug tests. Mother refused additional services and refused

- 3 -

to undergo a psychological evaluation.  Mother refused to avoid contact between the stepfather and her child.  She indicated that she did not think the stepfather beat the child too badly, and did not see the need to keep the child away from the stepfather.  As of the time of the hearing, mother had not maintained a stable residence or stable employment.

The child suffers from generalized anxiety syndrome and requires structure and continuity.  Despite receiving specific guidance from his counselor on the child's need for a structured day, mother was unwilling or unable to make the changes necessary in her life to accommodate the child's needs.  At the hearing, she indicated that her plans changed often and she could not guarantee that she could keep a set routine for her son.  She did not believe changing her plans was harmful.

The child's counselor testified that visits or telephone calls with mother caused the child much anxiety, expressed by his acting out at home and at school.  His counselor indicated that the child's anxiety decreased when he did not have contact with his mother.  The child has been in the same foster home for over six years and is attached to the foster parents.  His counselor indicated that removing him from the foster home would be devastating for him.

Evidence indicated that DSS could not approve mother's current residence and that mother was not yet in a position to have the child with her.  The child has been in foster care for

nearly seven years.  "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming . . . responsibilities."  Kaywood v. Halifax Co. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Our review of the record indicates that the trial court did not err in finding that DSS presented clear and convincing evidence supporting its petition to terminate mother's parental rights.  Accordingly, the decision of the circuit court is affirmed.

Affirmed.